UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

MAY 18, 2022

| | |
|---|---|
| NoiyAnn Hughes </br>     Plaintiff | ) </br> ) </br> ) |
| v. | ) </br> ) |
| Jaime Nieves and </br> Social Security Administration </br>     Defendants | ) </br> ) </br> ) </br> ) |

## COMPLAINT

**COUNSEL:** Stephen F. Reardon, The Law Office of Stephen F. Reardon, P.C., 160 Winthrop Avenue, Revere, Massachusetts, 02151, (781) 284-4900. E-Mail: *sfreardon11@aol.com*

**TITLE: COMPLAINT AT LAW**

**TEXT: PLAINTIFF DEMANDS TRIAL BY JURY**

**INTRODUCTION**

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

**JURISDICTION**

2. Plaintiff is a citizen of the State of Massachusetts and Defendant, Jaime Nieves is a citizen of the State of Massachusetts.

3. Plaintiff is a citizen of the State of Massachusetts and Defendant, Social Security Administration is an independent agency of the US Federal Government, Baltimore, Maryland. At all relevant times, Social Security Administration was acting as the authorized insurer for Jamie Nieves.

4. The **Court** has original jurisdiction over this lawsuit under the provisions of 28 U.S.C. §1331.

**PARTIES**

5. Plaintiff, Noiyann Hughes, is a citizen and resident of the City of Wakefield, State of Massachusetts and the United States of America.

6. Defendant, Jaime Nieves, at all times relevant hereto, was an individual employed by the Defendant, Social Security Administration.

7. Social Security Administration, at all times relevant hereto, was an agency of the United States Government and, upon information and belief, the owner of a vehicle involved in a rear end collision as described in this lawsuit.

8. Plaintiff sues Defendant, Jaime Nieves, in both his individual capacity and as agent of Defendant, Social Security Administration.

**Count I – NEGLIGENCE**

**JAIME NIEVES, INDIVIDUALLY AND AS AGENT OF SOCIAL SECURITY ADMINISTRATION**

9. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1. through 8. above with same force and effect as if herein set forth.

10. On or about May 28, 2019, the Plaintiff was the operator of a motor vehicle involved in a rear-end collision on 93 North Ramp, Boston, Suffolk County, Massachusetts.

11. On or about said date, the Defendant Jaime Nieves, was operating a vehicle (owned by the Social Security Administration.) directly behind the Plaintiff's vehicle.

12. At said time and place, the Defendant, Jamie Nieves, was acting on his own behalf and as authorized agent of Social Security Administration.

13. The Defendant's vehicle failed to stop, striking the Plaintiff's vehicle while stopped in traffic. This caused substantial damage to Plaintiff's vehicle and injured the plaintiff.

14. At this time and place, it became and was the duty of the Defendant, Jamie Nieves, to operate said motor vehicle with due care and caution, in accordance with the applicable ordinances and statues in effect at the said time and place.

15. At this time and place, the Plaintiff, Noiyann Hughes, was driving with due care and caution, along and upon the roadway, as aforesaid.

16. At this time and place, the Defendant, Jaime Nieves, negligently drove his automobile into the Plaintiff's lane of travel, thereby striking Plaintiff's vehicle and causing Plaintiff to violently be rear-ended by the Defendant.

17. Not regarding the duty as aforesaid, the Defendant, Jaime Nieves, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Carelessly and negligently failed to yield the right of way to the plaintiff's vehicle;

    b. Carelessly and negligently failed to stop his vehicle with traffic;

    c. Carelessly and negligently operated his vehicle at an excessive and dangerous rate of speed in light of the traffic and weather conditions then and there present;

    d. Carelessly and negligently failed to maintain a proper lookout; and

    e. Carelessly and negligently failed to maintain proper control over his vehicle.

18. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the motor vehicle operated by the Defendant, violently collided with the motor vehicle operated by the Plaintiff.

19. As a direct and proximate result of the aforesaid, the Plaintiff suffered injuries of a personal and pecuniary nature, including, but not limited to, physical injuries, medical expenses, lost wages, lost earning capacity, property damage, plain and suffering and emotional trauma.

20. The Plaintiff continues to suffer pain and injury to her neck and back and will continue to suffer from said losses in the future.

**COUNT II – RESPONDEAT SUPERIOR**

21. The Plaintiff reassert and incorporate by reference the allegations contained in Paragraph 1 through 20 of the Complaint as effectively if they were separately set forth and alleged.

22. At the time and place as aforesaid, the Defendant, Social Security Administration was the owner of the vehicle operated by the Defendant, Jamie Nieves and was the party responsible for the vehicle and for providing the required liability insurance coverage.

23. As a direct and proximate result of the aforesaid, the Plaintiff suffered injuries of a personal and pecuniary nature, including but not limited to, physical injuries, medical expenses, lot wages, lost earning capacity, property damage, pain and suffering and emotional trauma.

## COUNT III – RESPONDEAT SUPERIOR

24. The Plaintiff reassert and incorporate by reference the allegations contained in Paragraph 1 through 20 of the Complaint as effectively if they were separately set forth and alleged.

25. At the time and place as aforesaid the Defendant, Jaime Nieves was operating a vehicle directly behind the Plaintiff. The Defendant's vehicle failed to stop, striking the Plaintiff's vehicle while stopped in traffic. This caused substantial damage to Plaintiff's vehicle and severely injured the Plaintiff.

26. It was the duty of the Defendant to operate said motor vehicle with due care and caution, in accordance with the applicable ordinances and statues in effect at the said time and place.

27. As a direct and proximate result of the aforesaid, the plaintiff suffered injuries of a personal and pecuniary nature, including, but not limited to, physical injuries, medical expenses, lost wages, lost earning capacity, property damage, pain and suffering and emotional trauma.

## COUNT IV – RESPONDEAT SUPERIOR

28. At the time and place as aforesaid the Defendant, Social Security Administration was acting as the authorized insurer for Jamie Nieves.

29. Social Security Administration was responsible for the actions of, and thus liable for the negligence of the Defendant, Jamie Nieves under the doctrine of respondeat superior.

30. As a direct and proximate result of the aforesaid, the Plaintiff suffered injuries of a personal and pecuniary nature, including, but not limited to, physical injuries, medical expenses, lost wages, lost earning capacity, property damage, pain and suffering and emotional trauma.

WHEREFORE, the Plaintiff, Noiyann Hughes demands judgment against the Defendants, Jamie Nieves and Social Security Administration in an amount to be determined by the trier of fact.

Respectfully submitted,

Noiyann Hughes
By her Attorney

_____
Stephen F. Reardon
The Law Office of Stephen F. Reardon, P.C.
160 Winthrop Avenue
Revere, MA 02151
(781) 284-4900
BBO No. 630868                                    Date: 5/19/22